I agree completely with Justice Maddox's concurring opinion. I write separately to raise a "red flag": If the prosecuting attorneys of this State celebrate the opinion of affirmance in this case as a victory and heed not the obvious warnings, the ultimate result, in the not too distant future, will be the loss of all peremptory challenges in the criminal jury selection process.
This case, along with scores of others of like import, will furnish the requisite empirical data to prove Justice Marshall's worst fears and to make a mockery of Justice Powell's confidence that trial judges and prosecutors would "perform conscientiously their respective duties under the Constitution" — and the loss will be a tragedy, for the "peremptory challenge" procedure, *Page 715 
properly exercised, furnishes the ultimate best hope of insuring a fair and impartial trial. But it will, and should, give way, as did Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824,13 L.Ed.2d 759 (1965), if we heed not Batson's "one last chance" and stubbornly persist in "doing business as usual."
How long, oh, how long will we persist in the hollow notion that black jurors are less likely to convict criminally accused black defendants than are white jurors to convict white defendants? Rather than to face and accept reality, we choose to "play the game" of circumvention and risk the loss of a valuable and traditionally accepted practice of jury selection.
For obvious reasons, the answer lies not with this Court, but with the trial judges, who must courageously police the prosecutor's use of the "intuitive judgment or suspicion" grounds for striking black jurors and thus effectuate a racially balanced criminal trial jury. It is the trial judges who are the last bastion of hope to preserve a good jury selection system and still insure a constitutional trial.